United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PSARA ENERGY, LTD., <br> Plaintiff, <br> v. <br> SPACE SHIPPING, LTD., et al., <br> Defendants. | Case No. 20-cv-04102-WHO <br><br> **ORDER DENYING MOTION TO VACATE MARITIME ATTACHMENT AND SETTING SUBSTITUTE SECURITY** <br><br> Re: Dkt. No. 24 |

This maritime action for breach of contract arises out of the charter of the M/T CV STEALTH, a vessel owned by plaintiff Psara Energy, Ltd. ("Psara"). Given the exigent circumstances on June 22, 2020 and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, Psara obtained a writ of maritime attachment of the M/T ADVANTAGE SPRING, a vessel owned by defendants docked in this District. Dkt. Nos. 19, 22. Defendants Advantage Spring Shipping, LLC, Advantage Tankers, LLC, and Fleetscape Spring, LLC (the "Advantage Defendants") now move to vacate that order of maritime attachment pursuant to Rule E(4)(f). Dkt. No. 24.

This lawsuit is virtually identical to the complaints filed by Psara in the Eastern District of Texas and the Eastern District of Louisiana, except for the vessels being attached for security. *See* E.D. Tex. Case No. 18-cv-00178-MAC-ZJH ("Texas Action"); E.D. La. Case No. 18-cv-04111-ILRL-JCW ("Louisiana Action"). The courts in both Texas and Louisiana determined that defendants' liability was sufficient for an attachment. The only issue before me is which court should determine the ultimate security amount given that the M/T ADVANTAGE SPRING is in this District.

On May 4, 2018, United States Magistrate Judge Zack Hawthorn of the Eastern District of Texas set the security amount at $4 million. Subsequently, on May 18, 2018, United States Judge

1 Ivan L.R. Lemelle of the Eastern District of Louisiana ordered $800,000 in additional security to
2 cover reasonable towage costs that were not evaluated in the Texas Action.  The Louisiana Action
3 was then transferred to the Eastern District of Texas and consolidated with the Texas Action,
4 which remains active and ongoing.

Psara acknowledges that it has already obtained $4.8 million in security, but it seeks additional security, at the minimum amount of $7,319,337 given the difference between the estimated and actual scrap price of CV STEALTH, plus interest.  In deciding to set security at $4 million, Judge Hawthorn estimated that the scrap value was $7,825,000, but Psara contends that CV STEALTH was actually sold for $3,500,000 on August 30, 2019.

One court should be deciding issues with respect to security, not three or more.  At the hearing, the Advantage Defendants argued that Psara had ample opportunity to attach ships in the Eastern District of Texas.  While I agree that the Eastern District of Texas has proper jurisdiction over this matter and should determine the ultimate security amount, the fact of the matter is that a ship is attached in this District – the M/T ADVANTAGE SPRING.  In light of the reasoning in Judge Hawthorn's May 4, 2018 order, I DENY without prejudice the Advantage Defendants' motion to vacate.

I find that setting security over the M/T ADVANTAGE SPRING will give Judge Hawthorn the ability to effectively look at this issue again and decide whether additional security is warranted.  Without it, Psara may not be able to obtain the additional security it seeks.  Accordingly, it is ORDERED that upon the posting of $4,325,000 in cash security into the registry of the court as substitute security, the attachment of the M/T ADVANTAGE SPRING shall then be released.  As soon as the substitute security amount is posted, this case will be transferred to the Eastern District of Texas, where parties can properly litigate the security amount.

**IT IS SO ORDERED.**

Dated: June 26, 2020

William H. Orrick
United States District Judge